# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**PRUDENCIO ROBERT FELIPA,**

     **Plaintiff,**

**v.**                                     **Case No: 6:18-cv-1519-Orl-DCI**

**COMMISSIONER OF SOCIAL
SECURITY,**

     **Defendant.**

---

## MEMORANDUM OF DECISION

Prudencio Robert Felipa (Claimant) appeals the Commissioner of Social Security's final decision denying Claimant's application for disability insurance benefits and supplemental security income. Doc. 1. Claimant argues that the Administrative Law Judge (ALJ) erred by failing to fully and fairly develop the record in this case by failing to order a consultative examination. Doc. 17 at 6-9. Claimant requests that the Court remand the case for further administrative proceedings. *Id.* at 12. For the reasons set forth below, the Commissioner's final decision is **AFFIRMED**.

### I.     Procedural History

On July 19, 2016, Claimant filed applications for a period of disability, disability insurance benefits, and supplemental security income. R. 16. The applications were denied initially and again upon reconsideration. R. 16. Claimant filed a written request for a hearing, and, on January 9, 2018, Claimant appeared and testified at the hearing. R. 16. At the hearing, Claimant was represented by an attorney. R. 16. On April 2, 2018, the ALJ found that Claimant was not disabled within the meaning of the Social Security Act from April 15, 2016, through the date of the decision.

R. 21.  Claimant requested that the Appeals Council review the ALJ's decision, and the Appeals Council denied review.  Therefore, the ALJ's decision became the Commissioner's final decision.  This appeal followed.

## II.     The ALJ's Decision

In the ALJ's decision, the ALJ found that Claimant has the following severe impairments: vision loss and sickle cell anemia.  R. 18.  The ALJ determined that Claimant does not have an impairment or combination of impairments that meets or medically equals the severity of any listed impairment.  R. 18-19.  In so finding, the ALJ noted that "The claimant's blindness of the right eye fails to meet or medically equal sections 2.02, 2.03, or 2.04, because there has been no ophthalmology consultation or evaluation."  R.19.  The ALJ then found that Claimant has the Residual Functional Capacity (RFC) to perform as defined in 20 C.F.R. §§ 404.1567 and 416.967[1] with the following specific limitations:

> except occasional balancing, stooping, kneeling, crouching, crawling, and climbing ran1ps and stairs, but never ladders, ropes, or scaffolds. Avoid: work at heights, work with dangerous machinery and tools, and overhead reaching; vision should not be used on the right side, as well as right peripheral vision; and, no vision acuity is available beyond arm's reach. Work tasks should be learned in 90 days.

R. 19.  Based on these findings, and on the vocational expert's testimony at the hearing, the ALJ determined that Claimant is capable of performing his past relevant work as a food assembler, kitchen.  R. 21.  Thus, the ALJ found that Claimant was not disabled from April 15, 2016, through the date of the decision.  R. 21.

---

[1] Light work is defined as "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.  To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities."  20 C.F.R. §§ 404.1567(b), 416.967(b).

### III. Standard of Review

The scope of the Court's review is limited to determining whether the Commissioner applied the correct legal standards, and whether the Commissioner's findings of fact are supported by substantial evidence. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (quotations omitted). The Commissioner's findings of fact are conclusive if they are supported by substantial evidence, 42 U.S.C. § 405(g), which is defined as "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the Commissioner's decision, when determining whether the decision is supported by substantial evidence. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). The Court may not reweigh evidence or substitute its judgment for that of the Commissioner, and, even if the evidence preponderates against the Commissioner's decision, the reviewing court must affirm it if the decision is supported by substantial evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

### IV. Discussion

Claimant argues that the ALJ failed to fully and fairly develop the record by failing to order a consultative examination by an ophthalmologist to determine whether Claimant's visual impairment equaled or exceeded the requirements of Listings 2.02, 2.03, or 2.04. Doc. 17 at 8-9. Claimant asserts that "multiple providers" opined that Claimant should be seen by an ophthalmologist "for an evaluation for his right eye blindness." *Id*. at 7. But Claimant never obtained such an evaluation, and the ALJ did not order one; Claimant asserts in the Joint Brief that he could not afford the evaluation, citing to evidence of his indigency from his hearing testimony. *Id*. at 8. Thus, the Claimant asserts that the ALJ's erred by determining that Claimant did not meet

the requirements of Listings 2.02, 2.03, or 2.04 on the basis that "there has been no ophthalmology consultation or evaluation."  R.19.

In response, the Commissioner asserts that the ALJ was not required to further develop the record because the record contained sufficient evidence for the ALJ to make an informed decision. Doc. 17 at 9-11.  Further, the Commissioner states that Claimant failed to establish any evidentiary gaps in the record, or prejudice from any alleged gap, and that Claimant's argument amounts to speculation that a consultative examination may provide evidence in support of the claim.  *Id.*

The ALJ has a basic duty[2] to develop a full and fair record. *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997).  This duty generally requires the ALJ to gather the claimant's medical records for at least the 12 months preceding the month in which the application was filed, and to order consultative examinations when such examinations are necessary for an informed decision.  *See* 20 C.F.R. § 416.912(b)(1).  To establish that the ALJ failed to develop a full and fair record, it must be shown that there is an evidentiary gap in the record.  *Graham*, 129 F.3d at 1423 (citing *Brown*, 44 F.3d at 934-35).  The presence of an evidentiary gap alone is not enough; the evidentiary gap must also result in unfairness or clear prejudice.  *Id.*  The court will remand the case for further development of the record only after an evidentiary gap and unfairness or clear prejudice are established by the claimant.  *Id.*

In the Joint Brief, Claimant never actually discusses the substance of the particular Listings at issue.  But a review of those Listings is critical to determining whether the ALJ erred by failing to order a consultative examination by an ophthalmologist to determine whether Claimant met the

---

[2] The ALJ's basic duty turns into a "special duty" when the claimant is not represented by an attorney.  *See Graham*, 129 F.3d at 1422-23.  Here, Claimant was represented by counsel at the hearing.  Therefore, the ALJ in this case only had a basic duty to develop a full and fair record. And Claimant, who was represented by counsel at the hearing, made no objection to the record evidence and made no request for a consultative evaluation or any further evidence.  R. 28-48.

requirements of those Listings 2.02, 2.03 and 2.04. Indeed, each of those Listings sets forth visual acuity requirements for the **better eye**. *See* Pt. 404, Subpt. P, App. 1 §§ 2.02, 2.03, and 2.04. Thus, even assuming the veracity of Claimant's argument that "multiple providers" opined that Claimant should be seen by an ophthalmologist "for an evaluation for his right eye blindness," none of those opinions related to an evaluation of Claimant's better eye, i.e. Claimant's left eye. Thus, those opinions concerning further evaluations of Claimant's right eye are inapposite in relation to the particular Listings at issue. There is no doubt that Claimant is legally blind in his right eye; the RFC explicitly takes this into consideration in setting forth the limitations. However, Claimant provides absolutely no argument or evidence that any medical provider opined concerning any limitation or need for further evaluation of Claimant's left eye, the one that would be at issue in regard to Listings 2.02, 2.03, and 2.04. In fact, the only mention of Claimant's left eye – i.e. his better eye – in Claimant's argument section of the Joint Brief is the concession that Claimant "did not have any complaints of left eye problems." Doc. 17 at 7. Thus, Claimant fails to identify any evidentiary gap in the record and his argument is entirely speculative.

Regardless, there was substantial evidence in the record to support the ALJ's decision. In his decision, the ALJ considered the subjective complaints of Claimant, the medical evidence of record, and the opinions of Claimant's consultative examiners. R. 19-21. Considering Claimant's medical and non-medical evidence as a whole, the record was sufficient for the ALJ to make his final decision. Indeed, Claimant explicitly testified at the hearing that he had no issues concerning his left eye. R.38. Where evidence is sufficient, the ALJ need not require additional consultative examinations. 20 C.F.R. § 404.1250(b). Based on the sufficiency of Claimant's medical records, the ALJ's failure to require further consultative testing does not create an evidentiary gap in the record. Even if there was an evidentiary gap, Claimant did not establish that any such failure by

the ALJ resulted in unfairness or clear prejudice. There is simply no discussion by Claimant about how the ALJ's conclusion that Claimant did not meet the requirements for any listing would have changed had the ALJ ordered further testing; therefore, the challenge is waived. *See, e.g.*, *Jacobus*, 2016 WL 6080607, at *3 n.2 (stating that claimant's perfunctory argument was arguably abandoned). Here, Claimant complains that the ALJ failed to obtain an ophthalmological evaluation concerning Listings 2.02, 2.03, and 2.04, but those Listings relate to limitations to a claimant's better eye, not a claimant's worse eye. There is no indication that Claimant had any limitations in relation to his better eye, making it speculative that an ophthalmological evaluation would provide any evidence in support of Claimant's arguments. *See* R. 38 (Claimant testified that "I'm blind in one eye, in my right eye, but I can see find [sic] out of my left eye."). Further, there is simply no discussion by Claimant about how the ALJ's conclusion that Claimant did not meet the requirements for the Listings at issue would have changed had the ALJ ordered the consultative examination. Thus, the ALJ's failure to require such an evaluation, in light of the record as a whole, does not amount to an evidentiary gap, much less one resulting in unfairness or clear prejudice. *See, e.g., Graham*, 129 F.3d at 1423 (citing *Brown*, 44 F.3d at 934-35).

## V.    CONCLUSION

For the reasons stated above, it is **ORDERED** that:

1.  The final decision of the Commissioner is **AFFIRMED**; and

2.  The Clerk is directed to enter judgment in favor of the Commissioner and against Claimant and close the case.

**DONE** and **ORDERED** in Orlando, Florida on December 2, 2019.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

The Honorable Pamela Houston
Administrative Law Judge
c/o Office of Disability Adjudication and Review
SSA ODAR Hearing Ofc
3505 Lake Lynda Dr
Suite 300
Orlando, FL 32817-9801